IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRAMINE C. HARP, individually and on behalf of those similarly situated to himself, <br><br> Plaintiffs, <br><br> v. <br><br> BRAN HOSPITALITY, INC. D/B/A HAMPTON INN, <br><br> Defendants. | CIVIL ACTION FILE NO. <br> _____ <br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Tramine C. Harp ("Plaintiff"), on behalf of themselves and all others similarly situated, hereby files this complaint against the Defendant Bran Hospitality, Inc. ("Defendant") for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## THE PARTIES

**1.**

Plaintiff is a former employee of Defendant.

**2.**

Plaintiff was terminated from employment after complaining of FLSA minimum wage violations.

1

**3.**

Defendant is a domestic for-profit corporation doing business as Hampton Inn in various locations throughout Georgia. Defendant is engaged in interstate commerce and upon information and belief, has annual sales made or business done in excess of $500,000. At all relevant times, Defendant is, and has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d). Moreover, each Plaintiff was engaged in work constituting engagement in interstate commerce or work relating thereto.

## JURISDICTION AND VENUE

**4.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

**5.**

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant resides at 623 WOODLAND DRIVE, Houston, PERRY, GA, 31069, USA.

## STATEMENT OF FACTS

**6.**

Plaintiff was employed as a housekeeper at Defendant's location in Americus, Georgia from approximately May 29, 2017 through July 3, 2017.

**7.**

After receiving his first paycheck, Plaintiff reported to management that he

was not paid the proper amount of wages based on his hours and rate.

**8.**

Plaintiff's paystub shows that he was paid $7.25 per hour for the first 10.58 hours worked, but only $3.65 per hour for the remaining 39 hours in his first paycheck and the remaining paychecks he received (See paystubs attached as Exhibit 1 hereto).

**9.**

Plaintiff complained that he was not paid $7.25 per hour for the remaining hours he worked each time he received a paycheck. Plaintiff also complained that the hours he actually worked and reported were more than what was reported on his pay stub.

**10.**

In response to Plaintiff's complaints, Defendant stated that his hours actually worked did not matter. Defendant claimed that Plaintiff would also receive tips, but Plaintiff did not receive tips.

**11.**

Plaintiff received three more paychecks (see attached as Exhibit 1 hereto), each only paying Plaintiff $3.65 per hour and not reflecting the actual number of hours worked. After receiving each paycheck, Plaintiff complained that his wages

were not correct and that he should have been paid $7.25 for each hour he worked. After complaining four times, Defendant terminated Plaintiff's employment.

## COUNT I

## FLSA OVERTIME VIOLATIONS

**12.**

Plaintiff incorporates by reference Paragraphs 1 through 11 as if fully set forth herein.

**13.**

At all times relevant herein, Defendant operated a willful scheme to deprive from minimum wage Plaintiff and similarly situated current and former housekeepers that were employed by Defendant (or related entities) within three years of the filing of this Complaint.

**14.**

Plaintiff and the similarly situated individuals were or are paid $3.65 per hour, their hours were underreported and under paid by Defendant, and/or they did not make sufficient tips to raise their wages to the minimum wage of $7.25 per hour.

**15.**

Defendant did not keep accurate records of all of the hours worked by Plaintiff and the similarly situated individuals.

**16.**

Plaintiff files this action on behalf of himself and others similarly situated. The proposed FLSA Collective Action is defined as follows:

> All persons who worked as a housekeeper or in similar positions at any of Defendant's (or related entities) hotel facilities and were paid less than $7.25 per hour worked.

**17.**

Plaintiff has consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff signed consent form is attached as Exhibit 2.

**18.**

Upon information and belief, Defendants failed to preserve records relating to Plaintiffs' and similarly situated individuals' work hours as required by 29 C.F.R. § 516.2.

**19.**

Defendants willfully engaged in a pattern of violating the FLSA within the meaning of 29 U.S.C. § 255.

**20.**

Notice should be sent to the FLSA collective members not already named herein. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

**21.**

Plaintiff and the collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT II

## PLAINTIFF'S FLSA RETALIATION CLAIM

**22.**

Plaintiff incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

**23.**

Plaintiff complained of violations of the minimum wage provisions of the FLSA. After complaining four times, Defendant terminated Plaintiff's employment due to his complaints. As such, Defendant has violated the anti-retaliation provisions of the FLSA.

**24.**

Plaintiff seeks compensatory and liquidated damages, as well as attorney's fees and costs.

**WHEREFORE** Plaintiff and the collective respectfully requests judgment in its favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's and the Collective's favor and against Defendant under all claims in this Complaint;

3. Designation of this action as a collective action on behalf of the proposed class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the classes apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

4. Order Defendant's to make whole Plaintiff and the collective by providing them with out-of-pocket losses as well as back pay in an amount equal to the sum of wages, salary, employment benefits and other compensation denied or lost as a result of Defendant's unlawful acts, together with interest thereon, all in an amount to be proven at trial;

5. Statutory damages and penalties under the FLSA;

6. Grant Plaintiffs liquidated and punitive damages for Defendant's willful and intentional violations;

7. Grant Plaintiffs their reasonable attorney's fees and all other fees and costs associated with this action;

8. Prejudgment interest; and

9. Such other and further relief as is just and proper.

This 25th day of July, 2017.

                              */s/ James M. McCabe*
                              James M. McCabe
                              Georgia Bar No. 724618
                              The McCabe Law Firm, LLC
                              3355 Lenox Road
                              Suite 750
                              Atlanta, GA  30326
                              Office: (404) 250-3233
                              Fax: (404) 400-1724
                              jim@mccabe-lawfirm.com

                              Attorney for Plaintiff and Those
                              Similarly Situated