# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TRAMINE C. HARP AND SHANTOYA HILL, individually and on behalf of those similarly situated to themselves, | )<br>)<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION FILE NO.<br>) 5:17-cv-00285-LJA |
| v. | ) JURY TRIAL DEMANDED |
| BRAN HOSPITALITY, INC. D/B/A HAMPTON INN AND ECONO LODGE, JOHN DOES 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11, | )<br>)<br>)<br>) |
| Defendants. | ) |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiff Tramine C. Harp and Shantoya Hill ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby files this first amended complaint against the Defendant Bran Hospitality, Inc. and John Does 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 ("Defendant") for damages and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## THE PARTIES

**1.**

Plaintiffs are former employees of Defendant.

1

**2.**

Plaintiff Harp was terminated from employment after complaining of FLSA minimum wage violations.

**3.**

Defendant is a domestic for-profit corporation doing business as Hampton Inn in various locations throughout Georgia. Defendant is engaged in interstate commerce and upon information and belief, has annual sales made or business done in excess of $500,000. At all relevant times, Defendant is, and has been an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d). Moreover, each Plaintiff was engaged in work constituting engagement in interstate commerce or work relating thereto.

**4.**

Based on corporate filings with the Georgia Secretary of State, it appears that Defendant is related to other entities that operate a number of hotels under a common enterprise and ownership. These related entities include Bran Hospitality Bainbridge, Inc., Bran Hospitality Cedartown, LLC, Bran Hospitality Management, LLC, Bran Hospitality Forsyth, Inc., Bran Hospitality Macon, Inc., Bran Hospitality Perry, LLC, Bran Hospitality Valdosta, LLC, Bran Hospitality Vidalia II Inc., Bran Hospitality Vidalia I Inc., Bran Hospitality Warner Robins, Inc., Bran Hospitality WRH2, LLC,  It cannot be discerned from the corporate filing whether Bran Hospitality, Inc. is a parent company through which all employees of Bran's various

hotels are employed or a separate entity.  Each Bran entity has the same principal place of business and registered agent, and is owned by the same family, upon information and belief.  Upon information and belief, Housekeepers that are employed through these Bran entities are paid in the same manner at Plaintiffs at $3.65 per room cleaned.  These Bran entities are operated as a common enterprise.

**5.**

To date, Defendant has refused to provide clarity as to the relationship of these entities and which entities employ Housekeepers who are paid $3.65 per room cleaned.  For this reason, out of an abundance of caution, these additional entities are listed as John Does in the caption above.

## JURISDICTION AND VENUE

**6.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

**7.**

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because Defendant resides at 623 WOODLAND DRIVE, Houston, PERRY, GA, 31069, USA.

## **STATEMENT OF FACTS**

**8.**

Plaintiffs were employed as housekeepers at Defendant's Hampton Inn location in Americus, Georgia in 2017. Plaintiff Hill was also employed at Defendant's Econo Lodge location in Americus, Georgia.

**9.**

After receiving his first paycheck, Plaintiff Harp reported to management that he was not paid the proper amount of wages based on his hours and rate.

**10.**

Plaintiff's paystub shows that he was paid $7.25 per hour for the first 10.58 hours worked, but only $3.65 per hour for the remaining 39 hours in his first paycheck and the remaining paychecks he received (See paystubs attached as Exhibit 1 hereto). In its Answer, Defendant claims that the paystubs which list "hours" is not hours but is actually the number of rooms cleaned.

**11.**

Plaintiff complained that he was not paid $7.25 per hour for the remaining hours he worked each time he received a paycheck. Plaintiff also complained that the hours he actually worked and reported were more than what was reported on his pay stub.

**12.**

In response to Plaintiff Harp's complaints, Defendant stated that his hours actually worked did not matter because he was paid based on each room he cleaned, not the hours he worked. Defendant claimed that Plaintiff would also receive tips, but Plaintiff did not receive tips.

**13.**

Plaintiff received three more paychecks (see attached as Exhibit 1 hereto), each only paying Plaintiff $3.65 per hour or per room cleaned and not reflecting the actual number of hours worked. After receiving each paycheck, Plaintiff complained that his wages were not correct and that he should have been paid at least $7.25 for each hour he worked. After complaining four times, Defendant terminated Plaintiff's employment. To the extent that Defendant paid Plaintiff and similarly situated individuals $3.65 per room cleaned instead of by the hour as stated on their pay stubs, Defendant still failed to pay Plaintiff and similarly situated individuals $7.25 per hour worked.

## COUNT I
## FLSA MINIMUM WAGE VIOLATIONS

**14.**

Plaintiffs incorporate by reference Paragraphs 1 through 13 as if fully set forth herein.

**15.**

At all times relevant herein, Defendant operated a willful scheme to deprive from minimum wage Plaintiffs and similarly situated current and former housekeepers that were employed by Defendant (or related entities) within three years of the filing of this Complaint.

**16.**

Plaintiffs and the similarly situated individuals were or are paid $3.65 per room cleaned, their hours were underreported and under paid by Defendant, and/or they did not make sufficient tips or other compensation to raise their wages to the minimum wage of $7.25 per hour.

**17.**

Defendant did not keep accurate records of all of the hours worked by Plaintiffs and the similarly situated individuals.

**18.**

Plaintiffs file this action on behalf of themselves and others similarly situated. The proposed FLSA Minimum Wage Collective Action is defined as follows:

> All persons who worked as a housekeeper or in similar positions at any of Defendant's (and/or related entities) hotel facilities and were paid less than $7.25 per hour worked.

**19.**

Plaintiffs have consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs signed consent forms are attached as Exhibit 2.

**20.**

Upon information and belief, Defendants failed to preserve records relating to Plaintiffs' and similarly situated individuals' work hours as required by 29 C.F.R. § 516.2.

**21.**

Defendants willfully engaged in a pattern of violating the FLSA within the meaning of 29 U.S.C. § 255.

**22.**

Notice should be sent to the FLSA collective members not already named herein. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

**23.**

Plaintiff and the collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT II
## PLAINTIFF'S OVERTIME CLAIM

**24.**

Plaintiffs incorporate by reference Paragraphs 1 through 23 as if fully set forth herein.

**25.**

At all times relevant herein, Defendant operated a willful scheme to deprive from overtime Plaintiff Hill and similarly situated current and former housekeepers that were employed by Defendant (or related entities) within three years of the filing of this Complaint.

**26.**

Plaintiff Hill and the similarly situated individuals were paid $3.65 per room cleaned, but were not paid overtime, even though Plaintiff Hill regularly worked more than 40 hours in a week. Plaintiffs were not permitted to clock in and clock out of work.

**27.**

Defendant did not keep accurate records of all of the hours worked by Plaintiffs and the similarly situated individuals.

**28.**

Plaintiff Hill files this action on behalf of herself and others similarly situated. The proposed FLSA Overtime Collective Action is defined as follows:

All persons who worked as a housekeeper or in similar positions at any of Defendant's (and/or related entities) hotel facilities and were not paid overtime for hours worked over forty in a workweek.

**29.**

Upon information and belief, Defendants failed to preserve records relating to Plaintiffs' and similarly situated individuals' work hours as required by 29 C.F.R. § 516.2.

**30.**

Defendants willfully engaged in a pattern of violating the FLSA within the meaning of 29 U.S.C. § 255.

**31.**

Notice should be sent to the FLSA collective members not already named herein. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

**32.**

Plaintiff and the collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## COUNT III
## PLAINTIFF HARP'S FLSA RETALIATION CLAIM

**33.**

Plaintiffs incorporate by reference Paragraphs 1 through 32 as if fully set forth

herein.

**34.**

Plaintiff Harp complained of violations of the minimum wage provisions of the FLSA. After complaining, Defendant took away Plaintiff's time card and would not permit him to clock in. After complaining four times, Defendant terminated Plaintiff's employment due to his complaints. As such, Defendant has violated the anti-retaliation provisions of the FLSA.

**35.**

Plaintiff Harp seeks compensatory and liquidated damages, as well as attorney's fees and costs.

**WHEREFORE** Plaintiffs and the collective respectfully requests judgment in its favor on each count in this Complaint and demands:

1. A Jury Trial;

2. Judgment in Plaintiff's and the Collective's favor and against Defendant under all claims in this Complaint;

3. Designation of this action as a collective action on behalf of the proposed class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the classes apprising them of the pendency of this action,

and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

4. Order Defendant's to make whole Plaintiff and the collective by providing them with out-of-pocket losses as well as back pay in an amount equal to the sum of wages, salary, employment benefits and other compensation denied or lost as a result of Defendant's unlawful acts, together with interest thereon, all in an amount to be proven at trial;

5. Statutory damages and penalties under the FLSA;

6. Grant Plaintiffs liquidated and punitive damages for Defendant's willful and intentional violations;

7. Grant Plaintiffs their reasonable attorney's fees and all other fees and costs associated with this action;

8. Prejudgment interest; and

9. Such other and further relief as is just and proper.

This 11th day of September, 2017.

        */s/ James M. McCabe*
        James M. McCabe
        Georgia Bar No. 724618
        The McCabe Law Firm, LLC
        3355 Lenox Road
        Suite 750
        Atlanta, GA  30326
        Office: (404) 250-3233
        Fax: (404) 400-1724
        jim@mccabe-lawfirm.com

        Attorney for Plaintiffs and Those Similarly Situated

## CERTIFICATE OF SERVICE

The foregoing pleading will be served on counsel for Defendants through the court's ECF system by email notification.

This 11th day of September, 2017,

                                                *s/ James McCabe*
                                                Counsel for Plaintiffs