IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| TRAMINE C. HARP and SHANTOYA HILL, Plaintiffs, v. BRAN HOSPITALITY, INC., *et al.*, Defendants. | CIVIL ACTION NO. 5:17-cv-00285-TES |
|---|---|

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION AND DENYING PLAINTIFFS' MOTION TO AMEND AS MOOT**

_____

Plaintiffs filed suit against Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), during their employment as housekeepers at Defendant Bran Hospitality, Inc.'s Hampton Inn hotel. Before the Court is Plaintiffs' Motion to Amend Complaint and for Conditional Certification [Doc. 16], wherein Plaintiffs seek conditional class certification and to add several entities co-owned and co-managed by Bran Hospitality's management as defendants to this action. For the reasons that follow, the Court grants Plaintiffs' request in part.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are taken from Plaintiffs' Amended Complaint [Doc. 7] and the parties' briefs and are assumed to be true for the limited purpose of ruling on the

instant motion. Throughout 2017, Defendant Bran Hospitality employed Plaintiffs as housekeepers at a Hampton Inn hotel in Americus, Georgia. [Doc. 7 at ¶ 8]. During that time, Defendant allegedly paid Plaintiffs $3.65 per room cleaned—what Bran Hospitality refers to as a "piece-rate" system—rather than on an hourly basis. [*Id.* at ¶¶ 10, 13; Doc. 24 at 2]. Upon receiving his first paycheck, Plaintiff Harp allegedly informed Bran Hospitality management that his pay did not reflect the actual number of hours he worked. [Doc. 7 at ¶ 9]. Plaintiff Harp received three more paychecks and complained each time that his checks were incorrect. [*Id.* at ¶ 13]. After he complained the fourth time, Bran Hospitality terminated Harp's employment. [*Id.*]

In their Amended Complaint [Doc. 7], Plaintiffs seek to institute a collective action against Bran Hospitality for compensatory damages, liquidated damages, and attorney's fees as a result of several alleged FLSA violations. Specifically, Plaintiffs jointly allege causes of action for minimum wage and overtime pay violations, and Plaintiff Harp individually asserts a cause of action for retaliation.

In order to facilitate the institution of a collective action, Plaintiffs now move for "conditional class certification," which would allow Plaintiffs to give potential plaintiffs notice of the lawsuit and an opportunity to join. Bran Hospitality does not oppose Plaintiffs' request to give notice to Bran's present and former employees. [Doc. 24 at 7]. Instead, the crux of the present dispute is whether the class of potential plaintiffs should include employees of five additional entities, each of which is commonly owned and

2

managed by Bran Hospitality management, shares a principal place of business and registered agent with Bran Hospitality, and allegedly shares "the common unlawful practice" Bran Hospitality is accused of committing in this case. [Doc. 16 at 2-4]. Plaintiffs also request that, in the event they are permitted to give notice to these other entities' (hereinafter the "Bran Entities") employees, the Court also allow them to add the Bran Entities as defendants to this action.

## DISCUSSION

### A. Standard of Review

Under Fed. R. Civ. P. 15(a)(2), the court should freely grant leave to amended when justice so requires. However, the court may deny leave if the amendment would be overly prejudicial against the non-moving party or if the reason for amending is futile. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1318 (11th Cir. 1999). Additionally, under Fed. R. Civ. P. 21, the court may, on its own discretion and at any time, add or drop parties.

### B. FLSA Conditional Certification

FLSA provides a right of action to the "employee or employees" affected by their employer's FLSA violations. 29 U.S.C. § 216(b). Such an action may be brought by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.* Plaintiffs seeking to join a collective action under this provision must affirmatively opt into the action by providing the Court with their written consent. *Id.* To facilitate this opt-in mechanism, district courts "have the power to give . . . notice

to other potential members of the plaintiff class" and may exercise that power "under appropriate conditions." *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991). These conditions are satisfied upon a showing that there are "other employees of the [employer]" who desire to join the action and that those other employees are "similarly situated with respect to their job requirements and with regard to their pay provisions." *Id.* at 1567-68 (internal quotations omitted). This is known as the "notice stage" and is subject to a "fairly lenient standard" since the Court's decision is based only on the complaint and accompanying affidavits rather than hard evidence. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

After the notice stage and subsequent discovery, the Court enters the "decertification stage" and considers the similarly situated question in more depth, using evidence obtained by the parties in discovery. *Id.* If the Court determines that the opt-in plaintiffs are not actually similarly situated to the named plaintiffs, the Court decertifies the class, dismisses the opt-in plaintiffs without prejudice, and allows the named plaintiffs to proceed to trial on their individual claims. *Id.*

As an initial matter, Defendant Bran Hospitality makes no objection to conditional certification as to its own housekeepers, but does object to Plaintiffs amending their complaint to add the other Bran Entities as defendants and to allowing the other entities' housekeepers to receive notice of this action. Therefore, the remainder of the Court's

4

analysis pertains only to conditional certification as it relates to employees of the other Bran Entities.

    1. *Similarly Situated*

First, Plaintiffs argue that all of the Bran Entities' housekeepers are similarly situated to themselves because Defendant Bran Hospitality admits that "the companies have common policies and procedures with regard to compensating [h]ousekeepers," [Doc. 18 at 11] and because the piece-rate compensation scheme was a "collaborative decision" made by the Entities' joint owners [Docs. 16 at 12; 18 at 4]. Plaintiffs also point to their own declarations, as well as declarations from two opt-in Plaintiffs who worked for Defendant Bran Hospitality, showing that they were paid under the piece-rate system and that they were not paid minimum wage. [Docs. 19-22]. The Court assumes, without deciding, that this is sufficient to show that housekeepers working for the other Bran Entities are similarly situated to Plaintiffs. However, the Court need not make that determination because, as discussed below, Plaintiffs cannot satisfy the desire-to-join prong of the conditional certification analysis.

    2. *Joint Employment*

Plaintiffs also argue that Defendant forms a joint employer with the Bran Entities, such that they should all be defendants to this action and all of their employees should be afforded notice of this suit. A plaintiff in a FLSA action may bring a lawsuit for unpaid wages against any person or entity who "employs" her by "suffer[ing] or permit[ting]

[her] to work." 29 U.S.C. § 203(g). Multiple persons or entities can employ an individual, and the determination of such "joint employment" is based on "all the facts in the particular case." *Layton v. DHL Express (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir. 2012) (quoting 29 C.F.R. § 791.2(a)). An entity can be a joint employer in the following circumstances:

> (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or
>
> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

*Id.*

Moreover, the Eleventh Circuit imposes eight factors on district courts to determine joint employment status:

> "(1) the nature and degree of the [employer's] control of the [employee]; (2) the degree of the [employer's] supervision, direct or indirect; (3) the [employer's] right, directly or indirectly, to hire, fire, or modify the [employee's] employment conditions; (4) the [employer's] power to determine the [employee's] pay rates or methods of payment; (5) the [employer's] preparation of payroll and payment of the [employee's] wages; (6) the [employer's] ownership of the facilities where the work occurred; (7) the [employee's] performance of a line-job integral to the [business]; and (8) the [different employers'] investment in equipment and facilities."

*Pavlovsky v. WingHouse XI, LLC*, No. 6:12-cv-1711-Orl-28TBS, 2013 WL 935322, at *4 (M.D.

Fla. Feb. 19, 2013) (quoting *Antenor v. D&S Farms*, 88 F.3d 925, 932 (11th Cir. 1996)) (alterations in original).

Plaintiffs argue that the Bran Entities may be joint employers because they share "common management and ownership, and, most importantly, the common unlawful alleged practice in dispute." [Doc. 16 at 3-4]. However, as Plaintiffs point out, the question of joint employment is better reserved for the decertification stage, at which time the parties are in possession of evidence to address the eight joint employment factors. *See, e.g.*, *Nadreau v. Lush Cosmetics, LLC*, No. 2:10-CV-298-FtM-36SPC, 2011 WL 13143146, at *3 (M.D. Fla. Jan. 28, 2011) ("[C]ourts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination."); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) ("In instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination.") (internal citations omitted).

In this case, Plaintiffs effectively ask the Court to decide at this stage, and as a matter of law, that the Bran Entities are one joint employer with several locations as opposed to several employers each with multiple locations. Such a decision is improper at this stage. Even assuming, *arguendo*, that the Bran Entities are one joint employer, Plaintiffs are still not entitled to give notice to all of the Entities' employees because they

7

have not shown, as the Court discusses in more depth below, that employees at the other locations have a desire to join this action.

        3.      *Desire to Join*

Regardless of whether the Court finds that the Bran Entities form a joint employer with multiple locations, Plaintiffs have not shown that housekeepers from those other locations desire to join this action. Although there may be housekeepers at those other locations who are underpaid in the same way Plaintiffs allege they are, Plaintiffs must "do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit." *McKnight v. D. Houson, Inc.*, 756 F. Supp. 2d 794, 805 (S.D. Tex. 2010) (quoting *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007)). Desire to join is typically shown by "affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees." *Kubiak v. S.W. Cowboy, Inc.*, No. 3:12–cv–1306–J–34JRK, 2014 WL 2625181, at *8 (M.D. Fla. June 12, 2014). A plaintiff cannot, however, rely solely on "speculative, vague, or conclusory allegations" of desire, and "[t]he mere anticipation that others may want to join the lawsuit or the mere presence of a uniformly adverse compensation policy is insufficient by itself." *Id.* (internal citations omitted). Finally, when a plaintiff seeks to conditionally certify a class containing employees from a joint employer's other locations, she must make "at least some minimal showing that employees at [the] other locations are interested in joining the lawsuit." *McKnight*, 756 F.

Supp. 2d at 807.

In *McKnight*, the court disallowed conditional certification based on joint employer liability where the plaintiffs, who were employed at two of the six joint employer locations, "presented no basis to show that there are any employees of the other [locations] who may be interested in opting in" and where "none of the other [locations] have any current or former employees participating in this litigation." *Id.*

In this case, the Bran Entities collectively own seven hotel locations at which housekeepers are employed. [Doc. 18 at 7]. Defendant Bran Hospitality owned two of these locations: a Hampton Inn and an Econo Lodge both located in Americus, Georgia. [Doc. 18 at 3]. Plaintiffs were both employed at Defendant Bran Hospitality's Americus, Georgia Hampton Inn. [Doc. 1 at ¶ 8]. The two opt-in Plaintiffs were also employed by Bran Hospitality.[1] [Docs. 20, 22]. None of these Plaintiffs state that they worked for any of the other locations, that they know anyone who worked or currently works at the other locations, or that they have personal knowledge that housekeepers at those locations want to join. Instead, Plaintiffs offer form affidavits, virtually identical to each other, containing the bare, unsupported, and conclusory allegation that each affiant "*believe[s] that if other Housekeepers became aware of their right to receive additional compensation then they would join the lawsuit.*" [Docs. 20, 21, 22] (emphasis added). Plaintiffs' naked assertions are based merely on their own speculation, and contain no

---

[1] The opt-in Plaintiffs' declarations do not specify which Bran Hospitality, Inc. location they worked for.

9

evidence that Plaintiffs personally know of workers at other locations who perform their same duties, who are paid in the same manner, and who definitely—as opposed to possibly—would join this action if given notice. *Compare Rangel v. Compliance Staffing Agency, LLC*, No. 3:16-CV-30 (CDL), 2016 WL 3769761, at *2 (M.D. Ga. July 12, 2016) (allowing conditional certification where the plaintiffs' affidavits "state that Plaintiffs know other workers who . . . would opt in to the collective action if given notice."). The Court will not grant Plaintiffs conditional certification for the sole purpose of conducting a fishing expedition to discover other housekeepers who may wish to join this action. *See McKnight*, 756 F. Supp. 2d at 85; *see also Palmer v. Convergys Corp.*, No. 7:10-CV-145 (HL), 2011 WL 1326183, at *2 (M.D. Ga. Apr. 6, 2011) (finding that one concern of the conditional certification process is "that giving a plaintiff access to information about employees might stir up litigation through unwarranted solicitations or permit counsel to engage in a fishing expedition."). Accordingly, conditional certification is only appropriate as it relates to present and former employees of Defendant Bran Hospitality, for whom Plaintiffs have sufficiently presented the requisite evidence.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs' Motion for Conditional Certification [Doc. 16] is **GRANTED IN PART** as to the former and current housekeepers of Bran Hospitality, Inc. Plaintiffs have 10 days from the date of this order to submit a revised proposed notice to the Court for review. Defendants will have 10 days from the filing

10

date of the revised proposed notice to object to its form or content. Defendants also have 20 days from the date of this order to provide Plaintiffs with the names, last known addresses, phone numbers, and dates of employment of housekeepers it employed from September 11, 2014 to present. Given the Court's ruling on the Motion for Conditional Certification, Plaintiffs' Motion to Amend is **DENIED as moot**.

**SO ORDERED**, this 27th day of June, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**