**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **TRAMINE C. HARP and SHANTOYA HILL, individually and on behalf of those similarly situated to themselves,** ) ) ) ) | |
| **Plaintiffs,** ) ) | **Case No. 5:17-CV-00285-TES** |
| **v.** ) ) ) | |
| **BRAN HOSPITALITY, INC. d/b/a HAMPTON INN and ECONO LODGE,** ) ) ) | |
| **Defendant.** ) | |

**JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION**
**SETTLEMENT AND A RETALIATION CLAIM**

COME NOW the Plaintiffs Tramine Harp, Shantoya Hill, Katlind Baker, Tammy Davis, Cecilia Flowers, Susie Gaines, Patricia Hill, Kay Hunt, Lashon Hoston, Sharon Johnson, Jennifer Joiner, Hesue Kitchen, Kendrick Mathis, Latarsha Mathis, Tiffany Smith, Jonathan Waters, Joyce White, and Brandon Wilborn ("Plaintiffs") and Defendant Bran Hospitality, Inc. ("Defendant"), by and through their respective undersigned counsel, and jointly move for the Court to approve the Parties' Settlement Agreement (attached as Exhibit A), which represents a resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

In support of this Joint Motion, the Parties state as follows:

**INTRODUCTION**

1. Plaintiff Tramine Harp, who was employed by Defendant to work as a Housekeeper in one of the two hotels operated by Defendant, initiated this collective action against Defendant, alleging that, by paying a "piece rate" based on the number of rooms cleaned,

Defendant unlawfully failed to pay him the statutory minimum wage for the hours worked during multiple work weeks. (Doc. 1.)[1] The action was subsequently amended to add Plaintiff Shantoya Hill, who was employed as a Housekeeper in both of the hotels operated by Defendant. In addition to claiming that, by being paid the piece rate, she was not paid the minimum wage, Plaintiff Shantoya Hill also claimed that Defendant unlawfully failed to pay overtime wages for all hours worked in excess of forty during multiple work weeks. (Doc. 7.).

2. Two additional Plaintiffs subsequently filed Notice of Consent to join the action. Following a motion by the two named Plaintiffs, the case was conditionally certified as a collective, to include all Housekeepers paid $3.65 per room cleaned and employed by Defendant Bran Hospitality, Inc. (Doc. 31.)

3. The Court subsequently entered an Order approving the Notice to the potential opt-in Plaintiffs and providing that any person wishing to opt-in to the class had to do so within 60 days of receiving the Notice. (Doc. 36.)

4. Notices were sent to a total of 60 current and former employees of Defendant. At the end of the Notice period, the class contained a total of 18 employees, including the two named Plaintiffs and the two Plaintiffs who opted in prior to the conditional certification.

5. Plaintiffs believe that the cause of action, allegations, and contentions asserted in this action have merit and that the evidence developed to date supports the causes of action asserted. Defendant denies Plaintiffs' allegations and deny that Plaintiffs are due any relief other than nominal amounts to six of them. Defendant further contends that any claims for liquidated damages under the FLSA are barred under the Portal-to-Portal Act of 1947, as Defendant was at

---

[1] As part of the Complaint, Plaintiff Tramine Harp asserted a claim pursuant to the Fair Labor Standards Act's anti-retaliation statute.

all times acting in good faith and had reasonable grounds for believing that its actions were not in violation of the FLSA.  Similarly, Defendant contends that Plaintiffs cannot prove that the conduct of Defendant was willful so as to extend the statutory liability period for a third year.[2]  With regard to Plaintiff Harp's retaliation claim, Defendant denies that it took any adverse actions toward Plaintiff Harp based on any activity protected by the FLSA.

6. As the preceding paragraph indicates, this is a highly disputed claim.  However, the Parties recognize and acknowledge that the expense in time and money of litigation, the uncertainty and risk of litigation, as well as the difficulties and delays inherent in such litigation, make settlement of this matter a mutually appealing resolution.

7. Accordingly, the Parties agreed to mediation, which resulted in a Settlement Agreement to resolve the Plaintiffs' claims for minimum wage, overtime wages, and liquidated damages, as well as Plaintiff Harp's claim for damages due to the alleged retaliation.  The Agreement is set forth in Exhibit A, attached hereto.  Pursuant to applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in actions brought for back wages under the FLSA.  *See* Lynn Food Stores v. United States, 679 F.2d 1350 (11th Cir. 1982).  Because the Parties have agreed that the terms reflected in this Agreement are mutually satisfactory and that they represent a fair and reasonable resolution of a bona fide dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

---

[2] Defendant contends that two of the Plaintiffs, Kay Hunt and Latarsha Mathis, performed no work during the three-year periods applicable to them.  Eliminating the third year would completely remove two additional Plaintiffs (Tammy Davis and Tiffany Smith) and would drastically reduce the weeks worked by three other Plaintiffs (Katlind Baker, Cecilia Flowers, and Kendrick Mathis).

8.      In support of this motion that the Court approve the Parties' Settlement Agreement, Plaintiffs submit that the Settlement Agreement represents a fair and equitable resolution of this matter, given the risks inherent in continued litigation. Plaintiff's counsel represents that the named Plaintiffs have authorized this resolution. Moreover, all Plaintiffs will receive a check with release language on the back of it, so that endorsement and/or cashing of the check will constitute a release of Defendant from liability under the FLSA.

WHEREFORE, the Parties respectfully request that this Court approve the Settlement Agreement as a fair and reasonable compromise of disputed issues under the FLSA.

## **MEMORANDUM OF LAW**

9.      Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c) (2008); <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. <u>Lynn's Food Stores, Inc.</u>, 679 F.2d at 1353; <u>see also D.A. Schulte, Inc. v. Gangi,</u> 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

10.     In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus,

4

> when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, Inc., 679 F.2d at 1354.

11. In the instant action, the Court should approve the Parties' Settlement Agreement to resolve Plaintiffs' FLSA claims against Defendant. The proposed Settlement Agreement arises out of an action that was adversarial in nature. The parties disputed the merits of this case, with Plaintiffs contending that Defendant violated the FLSA by failing to pay them minimum wage due to its method of paying an amount for each room cleaned and that Defendant on occasion failed to pay them for all hours worked in excess of forty in work week, and with Defendant disputing Plaintiffs' factual allegations that Plaintiffs worked the hours claimed, and, even if liability were established, the damages Plaintiffs could reasonably recover. During the litigation and settlement of this action, both parties were represented by competent and experienced attorneys who are well versed in this area of the law. Plaintiffs and their counsel discussed the claims, and the parties formulated their own proposed settlement figures. Defendant provided a summary of time and pay records to Plaintiffs to allow for a reasoned analysis of their position regarding amounts owed. The Parties then engaged in settlement discussions, with a mediation conducted by Lee Parks.

12. The Parties entered into this settlement in recognition of the risks inherent in any litigation – specifically, for Plaintiffs, the risk of no recovery or a recovery that is less than the one obtained through this proposed agreement; and, for the Defendant, the risk of a verdict against it on the merits. The Settlement Agreement provides Plaintiffs with a compromised

recovery of the claimed unpaid minimum wages and overtime wages sought in this lawsuit, a payment of attorneys' fees and costs to their counsel for prosecuting this matter, and, for Plaintiff Harp, a payment for his claim of retaliation; as such, it represents a fair and reasonable compromise of this matter.

13. Because the Settlement Agreement represents a fair and reasonable compromise over bona fide FLSA wage disputes and was negotiated at arms' length, the Parties respectfully submit that the Court should approve this settlement.

## **OVERVIEW OF SETTLEMENT TERMS**

14. Defendant's pay statements for the Plaintiffs are not in dispute, in that they show the amounts paid, the room rate, the number of rooms cleaned for each pay period, and, for work performed other than Housekeeping, the number of hours and wage rate. The disagreements are as to the number of hours worked while cleaning rooms. The person supervising the Housekeepers would make handwritten entries on the work sheets (which show the rooms cleaned by each employee) regarding when the employee started cleaning on the date in question and when the employee stopped. Plaintiffs contend that the time entries are inaccurate. Plaintiff Harp kept his own record of hours worked each day, but those numbers do not match the ones in Defendant's records. The other Plaintiffs in the collective class did not keep contemporaneous records, and they rely solely on memory with regard to their claimed hours. Several of the Plaintiffs contend (from memory) that they worked during periods for which there is no record of their being employed by Defendant.

15.  Plaintiffs' estimates of their damages for unpaid minimum wages and overtime wages (unliquidated) are as follows:[3]

| Plaintiff | Minimum Wage | Overtime |
|---|---|---|
| Katlind Baker | $ 327.88 | $ 254.10 |
| Tammy Davis | $ 726.02 | $ 217.80 |
| Cecilia Flowers | $ 4,929.91 | $ 1,524.60 |
| Susie Gaines | $ 8,197.00 | $ 2,541.00 |
| Tramine Harp | $ 210.86 | $ 0.00 |
| Patricia Hill | $ 210.78 | $ 54.45 |
| Shantoya Hill | $ 245.91 | $ 72.60 |
| Kay Hunt | $ 421.56 | $ 0.00 |
| Lashon Hoston | $ 199.07 | $ 163.35 |
| Sharon Johnson | $ 1,018.77 | $ 308.55 |
| Jennifer Joiner | $ 995.35 | $ 308.55 |
| Hesue Kitchen | $ 866.54 | $ 50.82 |
| Kendrick Mathis | $ 7,845.70 | $ 2,432.10 |
| Tiffany Smith | $ 70.26 | $ 18.15 |
| Jonathan Waters | $ 644.05 | $ 199.65 |
| Joyce White | $ 3,161.70 | $ 980.10 |
| Brandon Wilborn | $ 4,637.16 | $ 286.77 |
| Totals | $ 34,708.52 | $ 9,412.59 |

16.  At the mediation, Defendant produced a spread sheet, based on payroll records and its handwritten entries regarding hours worked by the Plaintiffs. The calculations of minimum wages and/or overtime pay owed (assuming both a three-year statute of limitations and a two-year statute of limitations), are as follows:

| Plaintiff | Three-year period | Two-year period |
|---|---|---|
| Katlind Baker | $ 0.00 | $ 0.00 |
| Tammy Davis | $ 0.00 | $ 217.80 |
| Cecilia Flowers | $ 162.30 | $ 0.00 |
| Susie Gaines | $ 0.00 | $ 0.00 |
| Tramine Harp | $ 0.00 | $ 0.00 |
| Patricia Hill | $ 27.94 | $ 27.94 |

---

[3] No claims were made by Latarsha Mathis, as it is undisputed that her employment with Defendant ended more than three years prior to her opting into the class.

7

| | | |
|---|---:|---:|
| Shantoya Hill | $ 0.00 | $ 0.00 |
| Kay Hunt | $ 0.00 | $ 0.00 |
| Lashon Hoston | $ 0.00 | $ 0.00 |
| Sharon Johnson | $ 3.71 | $ 3.71 |
| Jennifer Joiner | $ 0.00 | $ 0.00 |
| Hesue Kitchen | $ 0.00 | $ 0.00 |
| Kendrick Mathis | $ 1.90 | $ 1.90 |
| Tiffany Smith | $ 0.00 | $ 0.00 |
| Jonathan Waters | $ 0.00 | $ 0.00 |
| Joyce White | $ 50.77 | $ 50.77 |
| Brandon Wilborn | $ 25.06 | $ 25.06 |
| Totals | $ 271.68 | $ 109.38 |

17. The Parties recognize that gathering the conflicting testimonial evidence during the liability period and whether the Defendant operated in "good faith" would significantly increase litigation costs and potentially jeopardize the settlement amounts and delay payment of the settlements. These disputes would likely remain unresolved, possibly involve cross motions for partial summary judgment, and ultimately a trial.

18. During the mediation, the Parties discussed the strengths and weaknesses of their respective positions. Notably, the Parties recognized the inherent risks with continued litigation. The Plaintiffs believe that the amount each will receive pursuant to this settlement reflects a reasonable compromise of unpaid wages and liquidated damages that each could expect to recover if each were to prevail on their FLSA claims at trial. While still denying liability, Defendant believes that the amount each Plaintiff will receive pursuant to this settlement reflects an amount in excess of complete and total satisfaction for any unpaid minimum wages and overtime wages and liquidated damages each Plaintiff could expect to recover if each were to prevail on their FLSA claims at trial. Plaintiff Harp also believes that the amount that he will receive for his retaliation claim reflects a reasonable compromise of the damages that he could expect to recover if he were to prevail on that claim at trial.

19.     The total Settlement Amount is $43,500.00 from which shall be drawn: (1) payments to Plaintiffs in the aggregate amount of $8,000.00, proportioned according to the number of weeks each such Plaintiff (with the exception of Kay Hunt and Latarsha Mathis),[4] was employed during the relevant three-year period, representing back pay for the alleged failures to pay minimum wage and overtime; (2) payments to Plaintiffs in the aggregate amount of $8,000.00, as liquidated damages; (3) a payment to Plaintiff Harp in the amount of $5,000.00 as general damages for his retaliation claim; and (4) a payment to Plaintiffs' attorneys in the amount of $22,500.00 for attorneys' fees and expenses of litigation.

20.     The amounts to be paid to each of the Plaintiffs for the alleged underpayments and for liquidated damages are shown herein:

| Plaintiff | Underpayment Of Wages | Liquidated Damages |
|---|---|---|
| Katlind Baker | $ 154.71 | $ 154.71 |
| Tammy Davis | $ 216.57 | $ 216.57 |
| Cecilia Flowers | $ 1,484.70 | $ 1,484.70 |
| Susie Gaines | $ 494.94 | $ 494.94 |
| Tramine Harp | $ 185.66 | $ 185.66 |
| Patricia Hill | $ 61.92 | $ 61.92 |
| Shantoya Hill | $ 340.30 | $ 340.30 |
| Kay Hunt | $ 25.00 | $ 25.00 |
| Lashon Hoston | $ 61.92 | $ 61.92 |
| Sharon Johnson | $ 278.43 | $ 278.43 |
| Jennifer Joiner | $ 30.99 | $ 30.99 |
| Hesue Kitchen | $ 309.36 | $ 309.36 |
| Kendrick Mathis | $ 1,639.35 | $ 1,639.35 |
| Latarsha Mathis | $ 25.00 | $ 25.00 |
| Tiffany Smith | $ 30.99 | $ 30.99 |
| Jonathan Waters | $ 123.78 | $ 123.78 |
| Joyce White | $ 1,144.47 | $ 1,144.47 |

---

[4] Payments to Plaintiffs Hunt and Latarsha Mathis will be in the amount of $50.00 each (including liquidated damages), notwithstanding the fact that Defendant's records do not show that either of these two Plaintiffs performed any duties as Housekeepers during the relevant three-year period.

|  |  |  |
|---|---|---|
| Brandon Wilborn | $ 1,391.91 | $ 1,391.91 |

Each Plaintiff will receive the amount as shown in the table for underpayment of wages (less applicable taxes and withholdings), with Defendant to issue a W-2 Form to each Plaintiff. Each Plaintiff will also receive the amount as shown in the table for liquidated damages, with Defendant to issue a Form 1099 to each Plaintiff.

21.     The method of calculation used in determining the above amounts is reasonable and does not undermine the broad remedial purpose of the FLSA. It provides Plaintiffs with their compromised minimum wages and overtime that the Plaintiffs claim to have worked without being properly paid during the three-year permissible liability period and an equal amount for liquidated damages, as mandated by the FLSA.

22.     Defendant will also issue a check to Plaintiff Tramine Harp in the amount of $5,000.00 in settlement of his retaliation claim, with Defendant to issue a Form 1099 to Plaintiff Harp.

23.     Plaintiffs' attorney's fees were negotiated separately by the Parties based on the actual time worked by Plaintiffs' attorney and negotiated at arm's length; and Defendant agrees that the aggregate sum of $22,500.00 for attorney's fees and costs is fair and reasonable. Of this amount, the amount of attorney fees allocated for the minimum wage and overtime claims is $19,166.64, attorney fees for the retaliation claim of Plaintiff Harp are $2,500.00, and the costs are $833.36. The amount paid as attorney fees is a reduction from the total fees incurred, which are set forth on the document attached to the Declaration of James M. McCabe (attached as Exhibit B to this Motion).

24.     Plaintiffs' counsel also represents that this fee is fair and reasonable pursuant to the factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718 (5th Cir.

1974).  Furthermore since no Plaintiffs are still performing services for Defendant, their damages will not increase through continued litigation.  Continuing the litigation would only serve to increase the attorneys' fees, with little if any benefit to Plaintiffs.  Thus, Plaintiffs' counsel represents that this settlement is fair to both the Plaintiffs and their counsel.

25. Defendant will issue a check in the amount of $22,500.00 to Law Offices of James M. McCabe for the agreed-upon attorney fees, with Defendant to issue a Form 1099.

26. Defendant will render all payments described herein to Plaintiffs' Counsel within 30 calendar days of the Court's approval of the Settlement Agreement.

27. The Parties represent that they have reached a reasonable and fair resolution of Plaintiffs' FLSA claims.  The Parties represent that they engaged in a good faith, arms' length negotiations in an effort to resolve the matter.  The record indicates that a bona fide dispute existed regarding Defendant's recorded hours and the hours that Plaintiffs claimed they actually worked.

A Proposed Stipulated Judgment, Approval of Settlement and Order of Dismissal is attached as Exhibit C.

## CONCLUSION

All Parties have reached settlement as to all issues and claims, including the issue of attorneys' fees.  The Settlement is contingent on this Court's approval.

Respectfully submitted this the 3rd day of April, 2019.

| THE MCCABE LAW FIRM, LLC | CONSTANGY, BROOKS, SMITH & PROPHETE, LLP |
|---|---|
| /s/ James M. McCabe<br>JAMES M. MCCABE<br>Georgia Bar No. 724618 | /s/ Frank L. Butler III<br>FRANK L. BUTLER III<br>Georgia Bar No. 099550<br>PATRICIA-ANNE UPSON<br>Georgia Bar No. 564294 |
| 3355 Lenox Rd., Suite 750<br>Atlanta, GA 30326<br>(404) 250-3233<br>jim@mccabe-lawfirm.com | 577 Mulberry St., Suite 710<br>Macon, GA 31201<br>(478) 750-8600<br>fbutler@constangy.com<br>pupson@constangy.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing JOINT MOTION FOR APPROVAL with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

>James M. McCabe
>The McCabe Law Firm
>3355 Lenox Rd., Suite 750
>Atlanta, GA 30326
>jim@mccabe-lawfirm.com

This 3rd day of April, 2019.

>>>CONSTANGY, BROOKS, SMITH
>>>& PROPHETE, LLP

>>>/s/ Frank L. Butler III
>>>FRANK L. BUTLER III
>>>Georgia Bar No. 099550

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
fbutler@constangy.com