IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TRAMINE HARP and SHANTOYA HILL,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**BRAN HOSPITALITY, INC.,**<br><br>*Defendant.* | **CIVIL ACTION NO.**<br>**5:17-cv-00285-TES** |

**ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL**

This case is before the Court on the parties' Joint Motion for Settlement Approval [Doc. 51], wherein they move the Court to approve their settlement of this Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), action and to dismiss this case with prejudice. For the following reasons, their motion is **GRANTED**.

**FACTUAL BACKGROUND**

Throughout 2017, Defendant Bran Hospitality employed Plaintiffs as housekeepers at a Hampton Inn hotel in Americus, Georgia. [Doc. 7 at ¶ 8]. During that time, Defendant allegedly paid Plaintiffs $3.65 per room cleaned—what Defendant refers to as a "piece-rate" system—rather than on an hourly basis, and Plaintiffs were often paid less than $7.25 per hour. [*Id.* at ¶¶ 10, 13, 16; Doc. 24 at 2]. Plaintiffs also alleged that Defendant failed to pay them and similarly situated employees for overtime hours

worked, despite the fact that they regularly worked more than 40 hours per week. [Doc. 7, ¶ 26]. Upon receiving his first paycheck, Plaintiff Harp allegedly informed Defendant's management that his pay did not reflect the actual number of hours he worked. [*Id.* at ¶ 9]. Plaintiff Harp received three more paychecks and complained each time that his checks were incorrect. [*Id.* at ¶ 13]. After he complained the fourth time, Defendant terminated Harp's employment. [*Id.*]. As a result of these allegations, Plaintiffs sought to institute a collective action against Defendant for compensatory damages, liquidated damages, and attorney's fees for FLSA minimum wage and overtime violations. Plaintiff Harp individually asserted a claim for retaliation. After reviewing Plaintiffs' claims and the parties' arguments, the Court partially granted Plaintiffs' motion for conditional class certification, [Doc. 31], allowing 16 more plaintiffs to join the collective action, [Doc. 51, ¶ 4].

In response to Plaintiffs' claims, Defendant disputes that Plaintiffs worked the hours they claim to have worked and contends that Plaintiffs' claims for liquidated damages are barred because Defendant acted in good faith. [*Id.* at ¶¶ 5, 11, 14]. Defendant also argues that several of the opt-in plaintiffs' claims are either eliminated or severely limited by the statutory limitations period. [*Id.* at ¶ 5]. Finally, Defendant argues that its termination of Plaintiff Harp was not retaliatory or pretextual. [Doc. 51-2, ¶ 4]. The parties have settled this case and now move for the Court's approval of their settlement agreement. *See generally* [Doc. 51].

## DISCUSSION

### A.   Standard of Review

In the Eleventh Circuit, FLSA actions may not be settled privately; instead, the Department of Labor must supervise the payment of back wages or a court must enter a stipulated judgment after it has determined that the proposed settlement is "a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Additionally, a court must review the reasonableness of attorney's fees to ensure that counsel is adequately compensated and that no conflict of interest affects the amount the plaintiff-employee recovers under the agreement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). The Court finds attorney's fees to be reasonable where the parties either "(1) demonstrate the reasonableness of the proposed attorney's fee using the lodestar approach or (2) represent that the parties agreed to the plaintiff's attorney's fee separately and without regard to the amount paid to settle the plaintiff's claims." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242–43 (M.D. Fla. 2010).

### B.   The Parties' Proposed Settlement Agreement

It is clear that there are bona fide disputes in this case, namely whether the hours Plaintiffs purport to have worked accurately reflect the hours actually worked and whether Defendant terminated Harp's employment in retaliation for his complaints about underpayment. Upon review of the settlement agreement, the Court finds no

impermissible provisions or releases and determines that the agreement represents a fair and reasonable resolution of this case.

### C. Attorney's Fees

In addition to the parties' original settlement agreement, the Court finds the agreed-upon attorney's fees to be reasonable under the lodestar approach. In calculating a reasonable attorney's fee award, the Court must determine the "lodestar," which amounts to the number of hours "reasonably expended" on this litigation multiplied by a "reasonable hourly rate." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299.

In a declaration provided to the Court, Plaintiffs' counsel avers that, in total, he expended 87.5 hours in working on this case and billed Plaintiffs at a rate of $300.00 per hour. [Doc. 51-2, p. 12]. He also incurred litigation costs amounting to $833.36. [*Id.* at ¶ 3]. In the settlement agreement, Defendant agrees to pay Plaintiffs' counsel $22,500.00 for attorney's fees and costs, which is less than the total fees and costs incurred in order to promptly resolve this matter. [Doc. 51-1, ¶ 1(a); Doc. 51-2, ¶ 5]. Plaintiffs' counsel also avers that the amount to be paid for attorney's fees and costs was determined independently of the amount to be paid to Plaintiffs in satisfaction of their claims. [Doc. 51-2, ¶ 6]. Having reviewed the settlement agreement and Plaintiffs' counsel's

declaration, the Court determines that his hourly rate is reasonable in this market and that the total amount to be paid for attorney's fees is reasonable.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the parties' Joint Motion for Settlement Approval [Doc. 51], and **DISMISSES** this case **with prejudice**.

**SO ORDERED**, this 5th day of April, 2019.

**s/ Tilman E. Self, III**
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
